## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JOHN LUIS MARTINEZ SANTANA, | : | |
| | : | |
| Petitioner, | : | Civ. No. 16-4430 (KM) |
| | : | |
| v. | : | |
| | : | |
| CHARLES GREEN, | : | **OPINION** |
| | : | |
| Respondent. | : | |
| | : | |

### KEVIN MCNULTY, U.S.D.J.

### I.      INTRODUCTION

The petitioner, John Luis Martinez Santana, was an immigration detainee when he filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The petition challenges his immigration detention and seeks release. As of September 20, 2016, the petitioner was deported; he is no longer in immigration detention. The habeas petition will therefore be denied as moot.

### II.      BACKGROUND

Mr. Martinez Santana is a native and citizen of the Dominican Republic. He entered the United States in 1987. In 2007, Mr. Martinez Santana was convicted in New Jersey of conspiracy to distribute/dispense a controlled substance. In October, 2015, Mr. Martinez Santana was placed into immigration detention.

On April 11, 2016, an Immigration Judge ("IJ") ordered Mr. Martinez Santana removed to the Dominican Republic. On August 15, 2016, the Board of Immigration Appeals ("BIA") affirmed the order of removal. Thereafter, Mr. Martinez Santana filed a petition for review of the BIA's decision along with a motion for stay of removal with the United States Court of Appeals

for the Third Circuit. The Clerk of the Third Circuit then entered an administrative temporary stay of removal pending consideration of Mr. Martinez Santana's motion for stay of removal. On September 1, 2016, the Third Circuit vacated the administrative stay of removal and denied Mr. Martinez Santana's stay of removal.

Mr. Martinez Santana's immigration proceedings were ongoing when he filed this habeas petition *pro se* in this Court in July 2016. The petition requests that this Court either order a bond hearing or order that he be released from immigration detention.

The government filed a response to the habeas petition on September 5, 2016. In that response, the government asserts that Mr. Martinez Santana's order of removal is administratively final such that he should be considered in post-order removal immigration detention. Furthermore, the government argues that Mr. Martinez Santana's request to be released is premature under *Zadvydas v. Davis*, 533 U.S. 678 (2001). Mr. Martinez Santana did not file a reply.

On November 9, 2016, however, the government submitted a supplemental letter to this Court. That letter states that the habeas petition should now be denied as moot because Mr. Martinez Santana was removed from the United States on September 20, 2016.

### III. DISCUSSION

As a general matter, in *Zadvydas*, 533 U.S. 678, the United States Supreme Court held that § 1231(a)(6)[1] "limits an alien's post-removal-period detention to a period reasonably

---

[1] Section 1231(a)(6) states as follows:

> An alien ordered removed who is inadmissible under Section 1182 of this title, removable under section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4) of this title who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period,

necessary to bring about that alien's removal from the United States. It does not permit indefinite detention." 533 U.S. at 689. To state a habeas claim under § 2241, the petitioner must provide facts showing good reason to believe that there is no reasonable likelihood of his actual removal in the reasonably foreseeable future. *See Zadvydas*, 533 U.S. at 701.

Mr. Martinez Santana is no longer in immigration detention; he was removed from the United States on September 20, 2016. The government has documented its assertion that Mr. Martinez Santana was removed by attaching a copy of the ICE-205 form. (*See* Dkt. No. 6-1 at p.2-3) Thus, Mr. Martinez Santana has received the relief he seeks in his habeas petition: *i.e.,* release from immigration detention. Because he has been removed from the United States, there is no concrete likelihood of his being detained again. Accordingly, his habeas petition is moot, as he "has achieved the result he sought in his habeas petition and his change in circumstances has 'forestalled any occasion for meaningful relief.'" *Nunes v. Decker*, 480 Fed.Appx. 173, 175 (3d Cir. 2012) (quoting *Artway v. Att'y Gen.*, 81 F.3d 1235, 1246 (3d Cir. 1996)) (other citation omitted); *see also Lindaastuty v. Attorney General of United States*, 186 F. App'x 294, 296 (3d Cir. 2006) (habeas petition challenging immigration detention is moot due to deportation from the United States); *Tjandra v. Ashcroft*, 110 F. App'x 290 (3d Cir. 2004) (finding appeal from denial of habeas petition that challenged immigration custody while petition for review was pending moot in light of petitioner's removal from the United States); *Pinoth v. Holder*, No. 14-1803, 2015 WL 2015 WL 404489, at *1 (M.D. Pa. Jan. 29, 2015) (denying habeas petition that raised *Zadvydas* claim as moot where petitioner was removed from the United States); *Nguyen v. Holder*, No. 13-0838, 2013 WL 5728671, at *1-2 (M.D. Pa. Oct. 22, 2013) (same).

---

and if released, shall be subject to the terms of supervision in
paragraph (3).

8 U.S.C. § 1231(a)(6).

## IV.   CONCLUSION

For the foregoing reasons, the habeas petition will be denied as moot. An appropriate

order will be entered.


DATED:  December 9, 2016

_____
KEVIN MCNULTY
United States District Judge

4